## Illinois Steel Company v. Joseph M. Ferguson.

### Gen. No. 4,649.

1. RELEASE—*when question of sufficiency of, to bar action, is for jury.* Where there is evidence tending to show that the release interposed as a bar to the action was obtained by fraud and misrepresentations, it is for the jury to determine the sufficiency of such release as a bar.

2. RELEASE—*when incompetent.* Releases of prior injuries are incompetent for the purpose of showing that the plaintiff knew what he was signing when he executed the release interposed as a bar, claimed by him to have been obtained by fraud and misrepresentation.

3. IMPEACHMENT—*when evidence offered for purposes of, inadmissible.* Evidence which tends to impeach a party, if offered in sur-rebuttal, is properly excluded.

4. NEWLY DISCOVERED EVIDENCE—*when ground for new trial.* Evidence material and not cumulative which might well change the result of a subsequent trial, obtained after diligent search and not known at the time of the trial in question nor capable of ascertainment at such time by the exercise of reasonable diligence, is ground for a new trial.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed November 9, 1906.

JOHN H. GARNSEY, for appellant; K. K. KNAPP, of counsel.

J. W. D'ARCY, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

A roof of an engine room at appellant's plant in Joliet was blown off by an explosion. While it was being rebuilt and repaired, and appellee, an employe of the company, was oiling an engine and machinery underneath, on March 30, 1903, a brick from above became detached and fell, and struck appellee over the left eye. On April 18, 1904, appellee brought this suit against appellant to recover damages for said injury and had a verdict and a judgment for $15,000, from which appellant prosecutes this appeal.

It is argued that the injury was caused by the negligence of a fellow-servant, and therefore appellee was not entitled to recover; and also that this was one of the risks which appellee assumed, and therefore he was not entitled to recover. It cannot be said that either of these propositions was established so indisputably as to make it a matter of law upon which the court was authorized to direct a verdict for appellant, but these were questions of fact, properly submitted to the jury.

Appellant offered in evidence a release of this cause of action, executed by appellee on the day he was injured, and recited to be in consideration of surgical attendance, medicines and nursing, and one dollar. It also offered in evidence a release of this cause of action, executed by appellee on December 5, 1903, which recited a consideration of $150, and it proved the payment of said $150. It is argued that because of these releases, appellee is not entitled to recover. Appellee testified that he was taken to the office of appellant's physician after the injury, and was sick at his stomach, and that the physician told him that he had to make out a statement, and asked him to sign this paper, and that appellee said he was too weak and nervous, but the physician said he would have to sign it or he could not get his wounds dressed, and that thereupon he signed the paper, but did not read it, and it was not read to him, but the physician told him it was nothing but a statement. He also testified that on December 5th the sight of one eye was gone, and the sight of the other eye was nearly gone, and that he went to an agent of the company at his office, told said agent that he had no clothes, and that he owed his brother a $75 board bill, and that the agent said he would give him $150, and asked him if that would square him up, and appellee replied that it would; that the agent then got a check and gave it to him, and told him to let it go as far as possible; that it was to pay expenses and get some clothes, and when that was used up to come back, and he would help him out again; and the agent then procured a paper, and told him to sign it, and said it was a statement for $150, given for lost time and to get clothes; that appellee was unable to read it, and that he did not hear the word "release" or "settlement," and did not know that he was settling the claim, and that under those circumstances he signed the paper presented to him. Whether a release executed under such circumstances

is a bar to the action is a question of fact for the jury, where, as here, appellant's officer testified to an entirely different state of facts. Spring Valley Coal Company v. Buzis, 213 Ill. 341, and Hartley v. C. & ·A. R. R. Co., 214 Ill. 78, and cases there reviewed.

Appellant offered in evidence various other releases executed by appellee for various other slight injuries received prior to that time, on the theory that they tended to show that appellee was familiar with their method of doing business, and knew that they required releases when they settled claims for damages. The majority of the court are of opinion that the most of these papers were not competent, for the reason that if they were put in evidence plaintiff would be entitled to go into and give evidence concerning the circumstances surrounding the execution of each of these papers, and thus the jury would have been confused by the trial of immaterial issues. Exhibit O, a statement signed by appellee on March 4, 1902, would have been competent if it had been offered by defendant in chief, as it showed an accident to the left eye. But it was not offered for that purpose, and only in surrebuttal, and the objection thereto was properly sustained.

Appellee finally lost the sight of both eyes. He contended that that loss was due to this injury. Appellant contended that it was not. The evidence was very conflicting upon that subject. The damages awarded were only justified in case appellee's blindness was due to the blow received from this brick. Otherwise the injuries received from the brick were of a comparatively trifling character. Appellee testified that his eyesight was fine; that he had never had any difficulty with his eyes, and that at the Minnesota State Fair in 1902 he had taken the first prize in rifle shooting. Except said Exhibit O, showing he had received an injury over the left eye, appellant had no evidence to rebut this testimony.

One ground on which a new trial was sought was newly discovered evidence. Affidavits were filed in support thereof. A young woman testified therein that for about nine months from February, 1899, appellee frequently called upon her at her home, and during the first part of that time two or three times a week; that when she first met appellee, she noticed that he had trouble with his left eye, and that it did not look right, and that later, during said nine months, he told her that the sight of his left eye was gradually failing him. A man testified in said affidavits to an occasion prior to this injury when appellee, in good daylight, fell over a pipe which was in plain sight, and said that he did not see it. Another man testified in said affidavits that appellee was in his employ from November 15, 1902, to January 12, 1903, and that from the manner in which he did his regular work the witness concluded that something was the matter with appellee's eyes, and spoke to him several times during that employment about having them examined and treated, and that appellee did not deny that he was having trouble with them, but said that he would see a doctor. Another witness testified to statements made by appellee's mother when she was angry with her son, and which tended to cast doubt upon the validity of his claim against appellant. This matter, however, was hearsay, and incompetent. The other affidavits contained matter very material, in view of the size of this judgment. We conclude that the affidavits of appellant's attorney and of its agent who hunted up the evidence for the trial, show sufficient diligence, and they show that this information was discovered by them after the trial. This is not cumulative testimony, for appellant had no proof that appellee's eyes had previously been unsound. If the statement appellee is alleged to have made to the young lady was true, then this verdict

ought not to stand. We are of opinion that the ends of justice require that a new trial should be granted. The judgment is, therefore, reversed and the cause remanded.

*Reversed and remanded.*